UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACK OLTMAN, et al.,<br><br>               Plaintiffs,<br><br>     v.<br><br>HOLLAND AMERICA LINE – USA, INC., et al.,<br><br>               Defendants. | CASE NO. C05-1408JLR<br><br>ORDER |

## I. INTRODUCTION

The court has received Defendants' motion for summary judgment (Dkt. # 40), and directs the parties to provide supplemental briefing in accordance with this order. The clerk shall RENOTE the motion for December 11, 2006.

## II. BACKGROUND

The court has summarized the relevant facts in this action in a prior order, and declines to repeat the summary here. For purposes of this order, it suffices to note that on August 1, 2006, the court dismissed all of Plaintiffs' claims in this action except Susan Oltman's claim for loss of consortium. No party requested that the court enter judgment, pursuant to Fed. R. Civ. P. 54(b), on any claim that the court dismissed. On August 31, 2006, Plaintiffs appealed the court's order.

ORDER – 1

Holland America now seeks summary judgment against Susan Oltman's loss of consortium claim.

### III.  ANALYSIS

At the outset, the court addresses whether it retains jurisdiction in this action. Typically, when a plaintiff files a notice of appeal, it "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." United States v. Ortega-Lopez, 988 F.2d 70, 72 (9th Cir. 1993) (internal quotation omitted).  Plaintiffs' notice of appeal (Dkt. # 33) does not explicitly state the scope of their appeal, but subsequent filings establish that the appeal relates solely to Jack and Bernice Oltman's claim:

> [T]he present action in this court involved three Plaintiffs. The judgment however was only partial in that one Plaintiff has survived summary judgment to continue her claims. At this time, the issues raised on this appeal are not affected by the action below.

Civil Appeals Docketing Statement, (Dkt. # 34).[1]  The court thus retains jurisdiction.

The motion currently before the court identifies a single ground for granting summary judgment: that the evidence establishes conclusively that Mr. Oltman suffered his injury while the cruise ship on which he was sailing was in international waters. After reviewing the motion and Susan Oltman's response, the court finds that two issues require additional briefing. One issue is legal; the other is factual.

---

[1] The court notes that despite Plaintiffs statements to the contrary, it has entered no "judgment" in this action as to any party or claim. The court is aware of no proper basis for appealing its prior order, which disposed of claims against two of the three Plaintiffs. See Anderson v. Allstate Ins. Co., 630 F.2d 677, 680 (9th Cir. 1980) (noting that orders "dismiss[ing] [an] action as to only some of the defendants" are "not final orders pursuant to 28 U.S.C. § 1291"); see also Ruby v. Sec'y of United States Navy, 365 F.2d 385, 389 (9th Cir. 1966) ("Where the deficiency in a notice of appeal, by reason of . . . reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.")

ORDER – 2

First, the parties must address the timing of Mr. Oltman's "injury." Susan Oltman's loss of consortium claim arises from allegations that Mr. Oltman suffered a severe illness as a result of exposure to a virus or other pathogen aboard Defendants' cruise ship. Neither party, however, addresses when such an injury "occurs" as a matter of law. Does it occur upon the plaintiff's first exposure to the vector of his illness? Does it occur when the illness first takes root in his body? Does it occur when he first exhibits symptoms? Does it occur at some other time?

Second, once they have answered the legal question above, the parties must also address what the evidence reveals about when Mr. Oltman's injury occurred and the location of the cruise ship at that time. The court notes that, at present, neither party has presented competent evidence of the location of the cruise ship at any time other than 17:00 G.M.T. on April 16, 2004.

## IV.  CONCLUSION

The parties shall provide supplemental briefing as follows:

By December 4, Defendants shall provide a brief of no more than twelve pages addressing when an injury like Mr. Oltman's "occurs" and what evidence, if any, they can adduce regarding the cruise ship's location when Mr. Oltman's injury occurred.

By December 11, Plaintiffs shall provide a supplemental brief addressing the same issues. In particular, the Plaintiffs shall adduce *competent* evidence regarding when Mr. Oltman's injury occurred and the location of the cruise ship at the time.

The court directs the clerk to RENOTE Defendants' summary judgment motion (Dkt. # 40) for December 11, 2006.

//

//

//

ORDER – 3

1     Dated this 28th day of November, 2006.

                                           /s/ James L. Robart
                                       JAMES L. ROBART
                                       United States District Judge

ORDER – 4