UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACK OLTMAN, et al.,

              Plaintiffs,

    v.

HOLLAND AMERICA LINE – USA, INC., et al.,

              Defendants.

CASE NO. C05-1408JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendant Holland America Line - USA, Inc.'s ("Holland America") motion for summary judgment as to the remaining claim in this action (Dkt # 41). In a prior order, the court granted summary judgment on all of Plaintiffs' claims except for Plaintiff Susan Oltman's claim for loss of consortium (Dkt. # 32). The court has considered the parties' briefing and supporting evidence and for the reasons stated below, the court GRANTS Holland America's motion.

## II. BACKGROUND

The court summarized previously the facts relevant to this motion in its August 1, 2006 order ("August Order") and will only repeat here those facts necessary to this ruling.

ORDER – 1

On March 31, 2005, Plaintiff Jack Oltman, along with his mother, Bernice Oltman, filed a complaint against Holland America in King County Superior Court, alleging that Holland America's negligence led to their illness while traveling aboard one of Holland America's cruise ships. They also alleged negligent infliction of emotional distress, breach of contract, and fraudulent misrepresentation. Susan Oltman, Jack Oltman's wife, brought a loss of consortium claim. First Yates Decl., Ex. C.

Holland America moved for summary judgment in the state court action based on a forum selection clause in the Cruise and Cruisetour Contract ("cruise contract") that was included in the Oltmans' travel documents. On August 12, 2005, the state court granted Holland America's motion, dismissing Plaintiffs' claims with prejudice because a forum selection clause in the cruise contract required Plaintiffs to bring their lawsuit in this court. First Yates Decl., Ex. A. The documents submitted to this court are unclear as to whether the state trial court explicitly addressed the application of the contract limitations to Susan Oltman's loss of consortium claim. Apparently the state trial court determined that Susan Oltman's claim was likewise subject to the forum selection clause as it dismissed her claim without distinguishing it from her husband's or mother-in-law's claims.

On the same day as the state court's dismissal of their claims, Plaintiffs filed a nearly identical complaint in this court. Compare Complaint (Dkt. # 1) with First Yates Decl., Ex. C. Meanwhile, Plaintiffs also timely filed an appeal of the state court ruling to the Washington Court of Appeals.

Holland America then moved for summary judgment on the claims pending before this court. Holland America argued that the claims were untimely because the cruise contract specifies a one-year limitations period for commencing a lawsuit arising out of injuries suffered on the cruise. First Lundgren Decl., Ex. A at 19. The court agreed as to

ORDER – 2

Jack and Bernice Oltman's claims. In its August Order, it dismissed all claims, except Susan Oltman's loss of consortium claim, for failure to file in the proper venue within the applicable limitations period.

The court denied summary judgment as to Susan Oltman's claim for loss of consortium because it was not convinced that she was a party to her husband's cruise contract and therefore bound by the one-year limitations period (Dkt. # 32). On September 11, 2006, however, over a month after this court's order, the Washington Court of Appeals affirmed the state court's dismissal of all Plaintiffs' claims for failing to file in the correct forum. See Oltman v. Holland Am. Line USA, Inc., No. 56873-6-I, 2006 Wash. App. LEXIS 1956, at *25-6 (Wash. Ct. App. September 11, 2006). Unlike the state trial court's order of dismissal, the Court of Appeals specifically addressed the issue of whether the limitations set forth in the cruise contract applied to Susan Oltman's loss of consortium claim. Id. at *25-6. The Court of Appeals reached a different result than this court.[1]

In its order, the Washington Court of Appeals affirmed the trial court's dismissal of Susan Oltman's consortium claim because "an element of [loss of consortium] is the tort committed against the impaired spouse." Id. (citations omitted). The Court of Appeals also relied on the broad language in the cruise contract which incorporated into its coverage "all matters whatsoever arising under, in connection with or incident to this contract." Id. The court ultimately held that Susan Oltman's claim "is not separate from the alleged injury her husband suffered while on the cruise. Her claim both arises under

---

[1] The Court of Appeals first considered whether to even address Susan Oltman's argument that she was not subject to the forum selection clause because she failed to cite any authority for this proposition. The court nevertheless held that she was indeed subject to the contract. Oltman, No. 56873-6-I, at *25-6.

ORDER – 3

and in connection with the cruise. Therefore, the contract, including the valid forum selection clause, applies to her." Id.

On December 1, 2006, having reviewed the Washington Court of Appeals' order, this court ordered the parties to supplement their briefing on Defendants' motion for summary judgment as to Susan Oltman's claim to include argument on the res judicata effect of the prior order (Dkt. # 50).[2]

### III.  ANALYSIS

In reviewing a summary judgment motion, the court must draw all inferences from the evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). For purely legal questions, summary judgment is appropriate without deference to either party.

**A.  The August Order Granting Partial Summary Judgment Was Not a Final Judgment by This Court.**

Susan Oltman contends that the Washington Court of Appeals should have given preclusive effect to this court's ruling because it was filed a month before the appeals court ruled. This court's August Order, however, granted summary judgment to some, not all, of Plaintiffs' claims and was therefore not a final judgment. Rule 54(b) of the Federal Rules of Civil Procedure explains that an order adjudicating fewer than all of the claims or parties in the matter does not terminate the action as to any of the claims or parties "and the order . . . is subject to revision at any time before the entry of judgment

---

[2] Although the court requested additional briefing on the res judicata effect of the Washington Court of Appeals' order, both parties submitted briefs that also addressed issue preclusion, or collateral estoppel.

ORDER – 4

adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).

Given that Plaintiffs have had ample opportunity to argue Susan Oltman's loss of consortium claim before the state trial court and the Court of Appeals, this court is persuaded that the proper application of issue preclusion is to effectuate the Court of Appeals' final decision. Accordingly, as discussed below, the court will revise its previous ruling with respect to Susan Oltman's loss of consortium claim.

**B.     The Washington Court of Appeals' Final Decision on the Application of the Cruise Contract to Susan Oltman's Claim Bars Further Litigation of This Issue.**

In determining the preclusive effect of a prior state court judgment federal courts apply the collateral estoppel rules of the state that rendered the underlying judgment. See Migra v. Warren City Sch. Dist. Bd. of Ed., 465 U.S. 75, 81 (1984). Therefore, this court will apply Washington law. The doctrine of collateral estoppel, or issue preclusion, under Washington law prevents relitigation of an issue after the party against whom the doctrine is applied has had a full and fair opportunity to litigate his or her case. Hanson v. City of Snohomish, 852 P.2d 295, 300 (Wash. 1993). Before a court may apply the doctrine of collateral estoppel, the moving party must prove that: (1) the issue decided in the prior adjudication is identical to the one presented in the second; (2) the prior adjudication ended in a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party to the prior adjudication; and (4) application of the doctrine will not work an injustice. Nielson v. Spanaway Gen. Med. Clinic, Inc., 956 P.2d 312, 316 (Wash. 1998). All four elements must be met before the court may apply the doctrine. George v. Farmers Ins. Co. of Washington, 23 P.3d 552, 559 (Wash. Ct. App. 2001).

ORDER – 5

There is no dispute that the party against whom the doctrine is asserted, Susan Oltman, is the same party as in the prior litigation. Therefore, the court will address only the remaining three elements.

### 1. The issue decided in the prior decision is identical to the one before this court.

Susan Oltman argues that "there is no question that [her] claim for loss of consortium was not litigated below and that the only issue[] that the Court of Appeals addressed was whether or not Susan could be held to a contract she did not sign (and not the viability of her claims)." Pls' Supp. Mem. Re: Summ. J. at 8 (Dkt. # 53). Like the Court of Appeals, the threshold issue for this court to determine is whether Susan Oltman is bound by the limitations contained in the cruise contract her husband signed. The outcome of this decision is dispositive of Susan Oltman's claim in this matter. That is, if Susan Oltman is subject to the cruise contract, her right to bring suit is barred by the one-year limitations period. In the prior litigation, the Court of Appeals held, in no uncertain terms, that the contract applied to Susan Oltman's claim. Oltman, No. 56873-6-I, 2006 Wash. App. LEXIS 1956, at *25-6. This is the very issue before the court.

### 2. The prior adjudication ended in a final judgment on the merits.

A ruling on a forum selection clause generally is considered a ruling based on improper venue and therefore not a final judgment on the merits. See Fed. R. Civ. P. 41(b); Wash. Civ. R. 41(b)(3). While this is true for the merits of the underlying claim, it is not the case that the parties are permitted to relitigate the application of a forum selection clause that resulted in the dismissal for improper venue.

The court finds the analysis in Offshore Sportwear, Inc. v. Vuarnet Int'l, B.V., 114 F.3d 848 (9th Cir. 1997) – a case also cited by Plaintiffs – persuasive in deciding the

ORDER – 6

question of finality on this issue.³ The parties in <u>Offshore</u> were signatories to a licensing agreement that included a forum selection clause giving the Courts of Geneva (Switzerland) exclusive jurisdiction over any claims arising out of the agreement. <u>Id.</u> at 849-50. The plaintiff filed suit in the United States District Court for the Central District of California claiming that the defendant committed fraud (among other things) before the parties entered into the agreement. <u>Id.</u> The district court dismissed the action without prejudice because the agreement gave the Courts of Geneva exclusive jurisdiction. Plaintiff did not appeal that order, but instead filed a new action in state court alleging essentially the same claims as the first (albeit the plaintiff characterized his fraud claim as a fraudulent inducement claim). <u>Id.</u> Defendant removed the matter to federal court and again moved to dismiss the new action based on the forum selection clause and the collateral estoppel effect of the prior ruling. The district court dismissed the new action based on the forum selection clause. <u>Id.</u> The plaintiff appealed the dismissal. <u>Id.</u>

On appeal, the plaintiff argued that because the dismissal of its claims was not an adjudication on the merits pursuant to Fed. R. Civ. P. 41(b), the original order had no preclusive effect. <u>Id.</u> The Ninth Circuit disagreed. The court explained that the plaintiff's argument wrongly assumed that a dismissal of a prior action on account of a forum selection clause is meaningless. The Ninth Circuit first noted that dismissals based on forum selection clauses are treated like a dismissal for improper venue, in which case there is no final adjudication on the merits of the underlying claims. <u>Id.</u> The court held, however, that when there is a final adjudication on the applicability and enforceability of the clause itself there is collateral estoppel as to that issue. <u>Id.</u> at 851. Accordingly, the

---

³ It appears that the Washington courts have not had occasion to address this issue.

ORDER – 7

plaintiff in Offshore was precluded from rearguing the court's ruling with respect to the application of the forum selection clause.

Here, as in Offshore, the state Court of Appeals adjudicated the applicability and enforceability of the parties' forum selection clause, finding that it did apply to Plaintiffs' entire action. Moreover, with respect to Susan Oltman, it was necessary for the court to adjudicate the threshold issue of whether the cruise contract applied to her in order to affirm the dismissal of her claim. The court's finding that the contract applies to Susan Oltman collaterally estops this court from reaching any other conclusion.

**3.   The application of collateral estoppel will not work an injustice.**

The issue of whether the contract applied to Susan Oltman was both argued and decided by the Washington Court of Appeals. In fact, as stated above, the Court of Appeals initially considered not addressing Susan Oltman's claim that the cruise contract did not apply to her because, although she raised the issue on appeal, she failed to cite any authority for her argument. The Court of Appeals, nevertheless, addressed her argument and entered a ruling against her. This court is therefore satisfied that Susan Oltman was given the opportunity to persuade the trial court and the Court of Appeals that her claims were not subject to the limitations contained in her husband's contract, but failed to so.

The promotion of judicial economy also weighs in favor of giving the Court of Appeals decision preclusive effect. The purpose of the doctrine of collateral estoppel is to promote the policy of ending disputes, to promote judicial economy and to prevent harassment of and inconvenience to litigants. Hanson, 852 P.2d at 561 (citing Malland v. Department of Retirement Sys., 694 P.2d 16 (1985); and Beagles v. Seattle-First Nat'l Bank, 610 P.2d 962 (1980)).

Because Susan Oltman was afforded the opportunity to argue the issue before both the state and trial court and the fact that allowing the Court of Appeals' decision to stand

ORDER – 8

gives credence to the purpose behind the collateral estoppel doctrine, the court finds that no injustice will result from its decision.

**C.    The one-year limitation bars Susan Oltman's claim for loss of consortium.**

This court previously addressed the validity of the cruise contract's one-year limitation period finding that the terms in the cruise contract were reasonably communicated to the Plaintiffs and that the one-year limitation period as applied to them is fundamentally fair.  Accordingly, given the Court of Appeals' prior ruling that the cruise contract applies to Susan Oltman's claim for loss of consortium, her claim is likewise barred by the one-year limitation period.  This finding is also consistent with the holding in Conradt v. Four Star Promotions, Inc., 728 P.2d 617 (Wash. Ct. App. 1986), the case cited by the Court of Appeals to support its finding that Susan Oltman's claim is governed by the cruise contract.  In Condradt, the Washington Court of Appeals dismissed a spouse's loss of consortium because the husband's negligence claim was barred by a release agreement he entered into with the defendant.  Id. at 621-2. Accordingly, the court finds Susan Oltman's claim for loss of consortium is time-barred.

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motion for summary judgment (Dkt. # 40).  This order resolves all remaining claims in this action.

Dated this 15th day of December, 2006.

_____
JAMES L. ROBART
United States District Judge

ORDER – 9